Nott, J.,
delivered the opinion of the court:
This is an action brought to recover $5,825 for the use of the sloop Amelia, at Brazos, in the State of Texas, during the year 1866, and until the 31st of May, 1867, for injuries done to the sloop, and for the loss of a portion of her tackle and furniture.
The case has received more .consideration and attention than its importance might seem to demand, by reason of the peculiar character of the evidence on which it was submitted, without argument other than the briefs of the counsel.
The claimant proves, to a certain extent, his case. The defendants rest their defence entirely on a return from the War Department, which consists, 1st, of a letter from Acting Quartermaster General Bucker, at Washington, dated April 10,1867, to Assistant Quartermaster Howell, at Brownsville, inclosing the claim up to December 31,1866, and requesting an explanation ; 2d, of the reply of Assistant Quartermaster Howell, inclosing a communication from his “agent” at Brazos, appended to which is a certificate of its truthfulness by the “ harbormaster” at Brazos, and upon it an indorsement by one William Kelly, “late lieutenant and acting assistant quartermaster.” Neither the Acting Quartermaster General nor Assistant Quartermaster Howell know or x>rofess to know any fact in the case; *548 and tbe facts of the defence rest wholly upon the communications of the agent, the harbor-master, and the former assistant quartermaster. These communications, moreover, are written after the controversy has begun, and relate chiefly to the official acts of another quartermaster, Captain Amee. They assert that “ Captain Amee discharged the vessel and gave a voucher of indebtedness” to the claimant; and they also remind Assistant Quartermaster Howell of an agreement he made with the claimant to put the vessel in repair, and to pay the voucher of Captain Amee, and that he had done so. They also allege that “ the vessel was put in better order than she ever was in before.” The voucher said to have been paid is not produced, nor is any asserted fact proved in any other way.
It is impossible for us to conceive of any legal rulé or principle by which the controversial letter of an employó of an assistant quartermaster, having no official connection with the business, can be considered competent evidence. And as to the certificate or letter of the ex-quartermaster, we held, in Branddeis Crawford’s Case, (3 C. Cls. R., p. 99,) that even when the communication of an assistant quartermaster purported to be an official report, and related to matters which had been within the personal and official knowledge of the officer, it was not competent evidence if “dated after the writer had left the military service.”
If this evidence of the defendants, bearing none of the characteristics of official reports, had been objected to, the court would have stricken it out and rendered judgment for the claimant. Bat the claimant’s counsel has interposed no objection whatever, and this failure-to object has raised a doubt whether it may not have been intended that the letters and certificates should be considered as testimony taken by commission. We therefore return the case to the docket in order that the parties may reduce aiiy such agreement to the form of a stipulation. If none such exists, the failure of the claimant to object at the proper time will entitle the defendants to take testimony.